STATE OF MISSOURI, )
 )
 Respondent, )
 )
v. ) No. SD36610
 ) Filed: May 27, 2021
JUSTIN SALYERS, )
 )
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

 Honorable Thomas E. Mountjoy, Judge

AFFIRMED

 Justin Salyers (“Salyers”) appeals his conviction, following a jury trial, of one count of

first-degree robbery. In two points on appeal, Salyers argues: (1) the trial court “erred” in

admitting evidence of an uncharged crime, and (2) “erred” in overruling Salyers’ motion for

judgment of acquittal at the close of all evidence because there was insufficient evidence to show

that he threatened Victim “immediately” after he stole items from a grocery store. Finding no

merit to either of Salyers’ points, we deny the same and affirm the judgment of the trial court.
 Facts and Procedural History

 We recite the evidence and the reasonable available inferences therefrom in the light most

favorable to the verdict. State v. Lammers, 479 S.W.3d 624, 630 (Mo. banc 2016). We recite

other information as necessary for context.

 On the evening of June 1, 2019, Salyers entered a Price Cutter store in Springfield. Victim,

an assistant store director at Price Cutter, was the closing manager that night. Salyers was in the

store for a short time, after which Victim observed him leaving with a basket full of merchandise

for which he did not pay. Victim pursued Salyers out of the store. As Victim got close, Salyers

told him, “I’ll f’ing stab you,” and called Victim “the B word.” Victim abandoned the pursuit, and

returned to Price Cutter to call 911.

 On June 26, 2019, Salyers returned to the same Price Cutter. Victim noticed Salyers as

soon as he walked in the store, and told an employee to call 911. Salyers took merchandise without

paying, and then exited through the store’s warehouse. Victim pursued Salyers. When Victim got

close, Salyers told him “[t]he exact same thing he said to me [on June 1, 2019]. ‘I’ll f’ing stab

you’ and called me the B word.” Salyers then pulled out a knife with his left hand and raised it

over his head. “About a minute” passed from the time Victim was told Salyers was in the store’s

warehouse to the time he spotted him leaving the loading dock. The entire incident took “six [or]

seven minutes.”

 Salyers was subsequently apprehended. Salyers was charged, by amended information,

with the class A felony of robbery in the first degree, pursuant to section 570.023,1 for the June

26, 2019 robbery.

1
 All references to section 570.023 are to RSMo Cum.Supp. 2017.

 2
 Salyers filed a motion in limine requesting the trial court exclude any evidence of the June

1, 2019 robbery because it was impermissible prior-bad-acts evidence. At a pre-trial hearing,

defense counsel indicated willingness to stipulate that Victim recognized Salyers on June 26, 2019

from Salyers’ prior robbery on June 1, 2019, and that Salyers was the person Victim chased out of

the store. After hearing argument, the trial court denied Salyers’ motion in limine.

 A jury trial commenced on December 10, 2019. Salyers testified in his own defense, and

admitted going to Price Cutter on June 26, 2019, “specifically to steal some groceries[.]”

 Victim was asked to testify, in relevant part, as to the events of June 1, 2019, and defense

counsel objected arguing “[p]rior bad acts.” The trial court stated “same ruling” and overruled the

objection.

 The jury found Salyers guilty of robbery in the first degree. Salyers filed a motion for new

trial asserting the trial court erred in admitting evidence of the June 1, 2019 robbery because it was

improper evidence of a prior bad act. The trial court denied the motion, and sentenced Salyers to

12 years in prison, to “run current with any existing.” This appeal followed.

 In two points relied on, Salyers argues: (1) the trial court “erred” in admitting evidence

of Salyers’ June 1, 2019 robbery in that the act was uncharged and not legally relevant; and

(2) there was not sufficient evidence to demonstrate that Salyers “immediately” threatened Victim

after Salyers stole items from Price Cutter.

 Standard of Review

 The circuit court has broad discretion to admit or exclude evidence during a
 criminal trial, and error occurs only when there is a clear abuse of this discretion.
 An abuse of discretion occurs only if the circuit court’s ruling admitting or
 excluding evidence is clearly against the logic of the circumstances then before the
 court and is so unreasonable and arbitrary that it shocks the sense of justice and
 indicates a lack of careful, deliberate consideration. This Court will reverse the
 circuit court’s decision only if there is a reasonable probability that the error
 affected the outcome of the trial or deprived the defendant of a fair trial.

 3
State v. Loper, 609 S.W.3d 725, 731 (Mo. banc 2020) (internal quotations and citations omitted).

 Analysis

 Point I: Robbery on June 1, 2019

 In his first point, Salyers argues that the trial court “erred in admitting evidence” that “on

June 1st, 2019, [] Salyers shoplifted items from the same Price Cutter as the charged offense[.]”

Salyers argues that he “was willing to stipulate that he was the person who stole the items from

Price Cutter and was chased by [Victim] on the date of the charged offense,” rendering the

evidence of the June 1, 2019 offense “not legally relevant.”

 Evidence concerning the June 1, 2019 incident was admissible for the purpose of

establishing context to the crime charged. See State v. Rycraw, 507 S.W.3d 47, 57 (Mo.App. E.D.

2016). Moreover, as the Western District indicated, a defendant

 cannot restrict the State’s ability to prove its case as it sees fit. The State carries
 the burden of persuasion as well as the burden of production to make a submissible
 case. A stipulation ought not prevent the State from producing admissible evidence
 as it deems necessary to make a compelling case for the jury.

Sykes v. State, 372 S.W.3d 33, 43 (Mo.App. W.D. 2012). As such, the trial court did not abuse its

discretion in admitting evidence of the June 1, 2019 robbery. Salyers’ Point I is accordingly

denied.

 Point II: Sufficiency of the Evidence

 In his second point, Salyers argues that the trial court “erred in overruling [his] motion for

judgment of acquittal at the close of all the evidence . . . in that there was not sufficient evidence

to show that [] Salyers threatened [Victim] ‘immediately’ after he took the items from Price

Cutter.”

 4
 Robbery in the first degree may be found where the victim is in fear even though
 there was no real possibility of injury. The fact that a victim perceives there to be
 a weapon that remains unseen is sufficient whether or not, in fact, such a weapon
 exists. Whether or not the object that is perceived as a deadly weapon or dangerous
 instrument is in fact capable of producing harm is unimportant. The threat to use
 the object to produce harm transmogrifies it into a dangerous instrument.

State v. Hudson, 574 S.W.3d 796, 803 (Mo.App. W.D. 2019).

 Salyers suggests that his threat to Victim did not fit the “immediate” requirement of section

570.023.1(3). 2 As relevant here, the evidence adduced at trial (and its reasonable available

inferences) indicate the following. Salyers stole groceries from Price Cutter and was immediately

pursued by Victim, who was a store manager. When Victim caught up, Salyers threatened to stab

Victim while brandishing a knife. There was sufficient evidence to support Salyers’ conviction

for robbery in the first degree. Point II is denied.

 The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. - CONCUR

JACK A.L. GOODMAN, J. - CONCUR

2
 Section 570.023 states:

 1. A person commits the offense of robbery in the first degree if he or she forcibly steals property
 and in the course thereof he or she, or another participant in the offense:
 (1) Causes serious physical injury to any person; or
 (2) Is armed with a deadly weapon; or
 (3) Uses or threatens the immediate use of a dangerous instrument against any person; or
 (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument;
 or
 (5) Steals any controlled substance from a pharmacy.

 2. The offense of robbery in the first degree is a class A felony.

 5